# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 CR 0350 | **DATE** | April 22, 2004 |
| **CASE TITLE** | *United States of America vs. Brian McGowan* | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____. .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. Defendant's motion to dismiss the indictment is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | APR 2 3 2004 | |
| | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | 28 |
| KM | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    No. 03 CR 350 |
| | ) |
| BRIAN MCGOWAN, | )       DOCKETED |
| | ) |
| Defendant. | )       APR 2 3 2004 |

### MEMORANDUM OPINION

Before the court is defendant's motion to dismiss the indictment as untimely. For the following reasons, the motion is denied.

### BACKGROUND

On April 3, 2003, a nineteen-count indictment was returned against Brian McGowan charging him with investment adviser fraud and wire fraud. The following facts, drawn from the indictment, are taken as true for purposes of this motion. In 1997 and 1998, the years relevant to the indictment, McGowan was an investment adviser. During those years, McGowan devised a fraudulent scheme, implemented through various misrepresentations, to induce "Individual A" to invest with him. Individual A provided McGowan with over $260,000 to invest and manage on her behalf. McGowan had misrepresented to Individual A that he was a partner in a money management and consulting firm, and additionally, that he managed

financial and investment matters for certain well-known sports figures and their families. Knowing that Individual A was partially disabled and that the money she gave him to invest was substantially "all she had to live on," McGowan falsely stated that he would place her money in "safe and low risk investments" but instead placed the funds in high-risk long term investments that did not yield regular payments of income. McGowan also falsely represented that if Individual A invested with him, he would obtain health insurance for her.

Once in possession of Individual A's money, McGowan never provided her with an accurate statement of her investments. Instead, he sent her written materials which in some instances were confusing and without usable information, and at other times, contained false information.

Further, "in order to lull Individual A into a false sense of security, and to prevent her from requesting return of her funds or complaining to law enforcement authorities," McGowan falsely represented the following: (i) that the investments had been profitable and had generated high returns; (ii) that her money had been placed in certain investment properties when, in fact, it had not; and (iii) that he was engaged in ongoing business transactions with various high net-worth individuals, including well-known professional athletes. McGowan also stalled Individual A's request for the promised investment income, and later, her request for

return of the principal, by falsely stating: (i) that he had received income payments but they were held up by banking practices; (ii) that he was "about to send the money"; (iii) that he had obtained health insurance for her; and (iv) that he had a plan for quick liquidation of the investments through other investors.

The indictment charges eighteen counts of wire fraud in violation of 18 U.S.C. § 1343, and one count of fraud by an investment adviser in violation of 15 U.S.C. § 80b-6(2). The wire fraud counts, Counts One through Eighteen, allege eighteen telephone calls between McGowan and Individual A between April 13 and June 29, 1998, all in furtherance of the scheme to defraud. The remaining count, Count Nineteen, alleges that between approximately September 1997 and July 1998, McGowan, as an investment adviser, willfully engaged in a practice and course of business which operated as a fraud and deceit upon Individual A as described in Count One of the indictment.

McGowan has filed a motion to dismiss the indictment.

## DISCUSSION

The Federal Rules of Criminal Procedure permit a defendant to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." FED. R. CRIM. P. 12(b)(2). In considering a motion to dismiss an indictment, all facts in the indictment are taken as true and

viewed "in the light most favorable to the government." <u>United States v. Yashar</u>, 166 F.3d 873, 880 (7th Cir. 1999). We may decide questions of law raised in a motion to dismiss, but since the jury is the fact-finder, any arguments which rely on disputed facts must be rejected. <u>See</u> <u>United States v. Shriver</u>, 989 F.2d 898, 906 (7th Cir. 1992).

   McGowan argues that each of the nineteen counts of the indictment is barred by the statute of limitations. We first take up his argument on the wire fraud counts. There are two elements of the offense of wire fraud under 18 U.S.C. § 1343: (i) a scheme to defraud, and (ii) the use of a wire communication in furtherance of that scheme. <u>See</u> <u>United States v. Lindemann</u>, 85 F.3d 1232, 1240 (7th Cir. 1996). The statute of limitations for wire fraud is five years, <u>United States v. Pearson</u>, 340 F.3d 459, 464 (7th Cir. 2003), and the limitations period begins to run from the date of the wire communication. <u>See</u> <u>United States v. Tadros</u>, 310 F.3d 999, 1006 (7th Cir. 2002). Each use of the wires – here, each telephone call – constitutes a separate offense. <u>See</u> <u>id.</u>

   McGowan contends, and the government does not dispute, that in March 1998, Individual A, having received neither her money nor her requested documentation, brought her concerns to the FBI and began recording her conversations with McGowan. This fact, according to McGowan, dooms the wire fraud counts. McGowan reasons that since each of the charged calls occurred *after* Individual A

had approached the FBI (the first occurred on April 13, 1998), the calls could not be "in furtherance" of the scheme because Individual A could no longer be duped, or "lulled," by the representations made in the conversations.

McGowan argues that the scheme was completed when Individual A approached the FBI in March 1998. It was then, he contends, that the statute of limitations began to run, and the indictment, filed 5 years and one month later, is time-barred.

It seems to us, however, that McGowan misunderstands the relationship of limitations to the argument he is making. It is not the scheme that starts the limitation period. It is the scheme plus a wire communication in furtherance of the scheme. Only when the wire communication has occurred has the crime of wire fraud been committed, triggering the limitations period. *All* of the alleged telephone calls were made within the five-year window prior to the filing of the indictment. It is true that a substantial amount of the scheme activity is alleged to have occurred more than five years before the return of the indictment. But there are no charged wire communications going back that far. They are all alleged to have occurred less than five years before the indictment. See United States v. Howard, 350 F.3d 125, 127 (D.C. Cir. 2003) ("[T]he use of the mails or wires within the period allowed the government to reach the crime and yet rely on proof of scheme activity in an otherwise time-barred period.").

Putting aside the non-issue of limitations, McGowan's real argument is simply that, as a matter of law, telephone calls cannot be deemed to be "in furtherance" of a scheme where, as here, the scheme has been detected before the calls are made. It is well-settled that mail or wire communications for the purpose of lulling a victim of a fraud into a false sense of security, even after a defendant has obtained the money, can be in furtherance of a scheme to defraud. See Schmuck v. United States, 489 U.S. 705, 710-15, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989); United States v. Rumsavich, 313 F.3d 407, 413 n.2 (7th Cir. 2002). McGowan does not contest this proposition. Instead, he seeks to add the qualification that such "lulling" communications can be "in furtherance" of a fraudulent scheme only if the victim is, *in fact*, misled by the communication.

The Seventh Circuit has recently considered this question. In United States v. Bach, 172 F.3d 520 (7th Cir. 1999), the defendant had lured investors into his Ponzi scheme with promises of lucrative interests in oil and gas leases. The defendant was convicted of two counts of mail fraud. The first mailing was a check, purporting to represent profits from one of the leases, which defendant sent to one of the victims. The second was a report of income and expenses on another lease mailed to a different victim who erroneously believed he had an interest in the lease. The report was accompanied by a letter advising the victim

that because of the financial results shown in the report, the amount of operating expenses deducted from his income had been increased.

On appeal, the defendant argued that neither mailing was in furtherance of the scheme to defraud because "his victims were smelling a rat and beginning to seek legal counsel," and "[w]ith the scheme unraveling . . . the mailings could not have been in furtherance of it." Id. at 521. The Seventh Circuit flatly rejected the argument, holding that "[i]t is irrelevant that the mailings failed in their purpose; a scheme to defraud need not succeed to violate the mail fraud statute." Id. at 522.

What is material is not the effect of the communication, but rather defendant's purpose in making the communication. On that score, the Bach Court noted that "when asked at argument what the purpose of the mailings could have been, if not to lull the recipients into thinking that maybe they would get the promised returns from their investments after all, his lawyer was at a loss." Id. at 521.

The reasoning in Bach informs our holding here. It is immaterial that Individual A was on to McGowan at the time of the misrepresentations alleged in the wire fraud counts. If McGowan's purpose was to deceive or lull Individual A, then a jury could reasonably find his communications to have been in furtherance of

the scheme to defraud. Accordingly, defendant's motion to dismiss Counts One through Eighteen must be denied.

As for Count Nineteen, defendant's argument is that if Counts One through Eighteen are dismissed, then there remains no charge to support a "course of fraud" under Count Nineteen. Counts One through Eighteen are still alive. Because McGowan proffers no other argument in support of dismissing Count Nineteen, that count also survives the motion.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss the indictment as untimely is denied.

DATE:    April 21, 2004

ENTER:   _____

John F. Grady, United States District Judge

---

[1] In his papers, McGowan emphasizes that all of the charged telephone calls were initiated by Individual A, at the direction of the FBI. The government disputes that assertion and submits that several of the charged conversations were initiated by McGowan. Even assuming, for the sake of argument, that all calls were initiated by Individual A as McGowan contends, it is of no moment to our analysis. The wire fraud statute requires the interstate transmission of sounds and signals in furtherance of a scheme to defraud, and as the government states, "[n]othing in the language of the statute requires that the defendant himself dial the telephone." (Govt.'s Resp. at 14.) See 18 U.S.C. § 1343. And although McGowan generally objects to the FBI's role in making the telephone calls, he advances no real argument on the subject.